ERICK JAVIER DIAGO,

    Movant,

vs.                                                     REPORT OF
                                                          MAGISTRATE JUDGE

UNITED STATES OF AMERICA,

    Respondent.
_____/

## I. Introduction

This matter is before the Court on the movant's *pro se* motion to vacate, filed pursuant to 28 U.S.C. §2255, attacking the constitutionality of his sentence for making false statements to a federally licensed firearms dealer, entered following a guilty plea in **case no. 16-20370-Cr-Gayles.**

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2003-19; and Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

No order to show cause has been issued because, on the face of the petition, it is evident the petitioner is entitled to no relief. See Rule 4,[1] Rules Governing Section 2255 Proceedings.

Because summary dismissal is warranted and the movant is not

---

[1] Rule 4 of the Rules Governing Section 2255 Petitions, provides, in pertinent part, that "[I]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner...."

entitled to post-conviction relief, no order to show cause has been issued in the instant case and, therefore, the government was not required to file any additional response. See Broadwater v. United States, 292 F.3d 1302, 1303-04 (11th Cir. 2002) (a district court has the power under Rule 4 of the Rules Governing Section 2255 Cases to summarily dismiss a movant's claim for relief so long as there is a sufficient basis in the record for an appellate court to review the district court's decision).

Before the Court for review are the movant's §2255 motion (Cv-DE#1) with supporting exhibits (Cv-DE#1-1), the Presentence Investigation Report ("PSI"), Statement of Reasons ("SOR"), along with all pertinent portions of the underlying criminal file, including the plea agreement (Cr-DE#28), and the stipulated factual proffer (Cr-DE#29).

## II. Claim

Construing the §2255 motion liberally as afforded *pro se* litigants pursuant to Haines v. Kerner, 404 U.S. 519 (1972), the movant raises as the sole ground for relief that he requests vacatur of his sentence and/or the removal of the classification that his offense of conviction constitutes a crime of violence. (Cv-DE#1; Cv-DE#1-1). He relies upon Evans v. Zych, 644 F.3d 447 (6 Cir. 2011), for the proposition that the Bureau of Prisons is improperly classifying or otherwise designating his offense as a crime of violence. (Id.).

## III. Procedural History

The movant was charged with, and then entered into a negotiated plea agreement, agreeing to plead guilty to Counts 1

through 8 of the Superseding Indictment, charging him with making false statements to a federally licensed firearms dealer, in violation of 18 U.S.C. §922(a). (Cr-DE#s14,28-29). Movant acknowledged that the court could depart from the advisory guideline range computed, and while required to consider that range, it was not bound to impose a sentence within the advisory range, but was permitted to tailor the sentence in light of other statutory concerns. (Id.:1-2). The movant also acknowledged that any estimate of the probable sentence to be imposed, whether from his attorney, the government, or the probation office, was merely a predication, not a promise, and was not binding on the government, the probation office, or the court. (Id.:1-2,5). Movant affirmed that he could not withdraw his plea based upon the court's failure to accept a sentencing recommendation made by the parties. (Id.). He understood that the court may impose a statutory maximum of up to 10 years imprisonment per offense of conviction, followed by up to 3 years supervised release. (Id.). The government agreed to recommend a 3-level reduction to movant's base offense level for timely acceptance of responsibility. (Id.:3). The plea agreement also contained cooperation language. (Id.:4-5). Movant agreed to forfeit all firearms involved in or used in the offense, and to waive any interest in the property. (Id.:5-6). More importantly, in exchange for the undertakings made by the government, movant agreed to waive his right to appeal any sentence imposed, or the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the court establishes at sentencing. (Id.:6).

On June 21, 2016, a change of plea proceeding, pursuant to Fed.R.Cr.P. 11, was conducted by the district court. (Cr-DE#26). At the conclusion of the proceeding, the court accepted the movant's

plea and adjudicated him guilty of as charged in Counts 1 through 8 of the Superseding Indictment. (Cr-DE#26).

Meanwhile, prior to sentencing, a PSI was prepared which revealed as follows. The movant's base offense level was set at a level 12, pursuant to U.S.S.G. §2K2.1, because the offense involved the unlawful receipt, possession, or transportation of firearms. (PSI ¶25). A 6-level increase was added because the offense involved at least 25 to 99 firearms. (PSI ¶26). Because the movant possessed the firearms while attempting to leave the United States, or possessed or transferred any firearm or ammunition with the knowledge, intent, or reason to believe that it would be transported out of the United States, an additional 4-level increase to the base offense level was given, pursuant to U.S.S.G. §2K2.1(b)(6)(A). (PSI ¶27). A 3-level reduction was taken for movant's timely acceptance of responsibility, resulting in a total adjusted offense level 19. (PSI ¶¶33-35).

Next, the probation officer determined that the movant had a total of zero criminal history points, resulting in a criminal history category I. (PSI ¶38). Based on a total offense level 19 and a criminal history category I, the guideline range was set at 30 months imprisonment at the low end, and 37 months imprisonment at the high end. (PSI ¶67). Statutorily, the movant faced as to each offense of conviction, a minimum of zero and up to 10 years imprisonment for violation of 18 U.S.C. §922(a). (PSI ¶66). No objections to the PSI were filed by the movant or the government. However, movant did file a motion for downward departure. (Cr-DE#70).

Movant appeared for sentencing on October 28, 2016. (Cr-DE#71). At that time, the court adopted the PSI report without

4

change. (SOR:I.A.). At that time, movant was sentenced to eight concurrent terms of 30 months imprisonment, to be followed by a total of 2 years of supervised release. (Cr-DE#71). The judgment was entered by the Clerk on **October 31, 2016.** (Id.). No direct appeal was prosecuted.

Consequently, for purposes of the federal one-year limitations period, the judgment of conviction in the underlying criminal case become final on **November 14, 2016,** fourteen days after the entry of the judgment, when time expired for filing a notice of appeal.[2] At the latest, the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than **November 14, 2017.** See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); see also, See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(this Court has suggested that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run); accord United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008-09 (7th Cir. 2000)). Applying the anniversary method to this case means movant's limitations period was due to expire on **November 14, 2017.**

Before expiration of his one-year limitations period, the government filed a Rule 35 motion to reduce movant's sentence based

---

[2]Where, as here, a defendant does not pursue a direct appeal, her conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). On December 1, 2009, the time for filing a direct appeal was increased from 10 to 14 days days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(i). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). Moreover, now every day, including intermediate Saturdays, Sundays, and legal holidays are included in the computation. See Fed.R.App.P. 26(a)(1).

on substantial assistance. (Cr-DE#96). Following a hearing thereon, an order was entered by the court on **February 28, 2017**, granting the motion and reducing the movant's sentence to a total term of 18 months imprisonment, to be followed by 2 years supervised release. (Cr-DE#100). Movant also did not appeal this court order. However, this order did not restart the federal one-year limitations period. The Eleventh Circuit has held that the reduction of a term of imprisonment, based on substantial assistance, has no impact, and therefore does not toll the limitations period for the filing of a defendant's motion to vacate. See Murphy v. United States, 634 F.3d 1303 (11th Cir. 2011)(citing Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 438, 119 S.Ct. 755, 760, 142 L.Ed.2d 881 (1999)).

Regardless, before his one-year limitations expired, the movant returned to this court, signing and handing his §2255 motion to prison authorities for mailing on **April 23, 2017**. (Cv-DE#1:13).

## IV. Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to §2255 are extremely limited. A prisoner is entitled to relief under §2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. See 28 U.S.C. §2255(a); McKay v. United States, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. §2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir.

2004)(citations omitted). It is also well-established that a §2255 motion may not be a substitute for a direct appeal. Id. at 1232 (citing United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982)). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . "

The Eleventh Circuit promulgated a two-part inquiry that a district court must consider before determining whether a movant's claim is cognizable. First, a district court must find that "a defendant assert[ed] all available claims on direct appeal." Frady, 456 U.S. at 152; McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001); Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). Second, a district court must consider whether the type of relief the movant seeks is appropriate under Section 2255. This is because "[r]elief under 28 U.S.C. §2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232-33 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)(internal quotations omitted)).

If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or Presentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. §2255. To obtain this relief on collateral review, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." Frady, 456 U.S. at 166, 102 S.Ct. at 1584 (rejecting the plain

7

error standard as not sufficiently deferential to a final judgment). Under Section 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro v. Landrigan, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). See also Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002)(explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous"). As indicated by the discussion below, the motion and the files and records of the case conclusively show that movant is entitled to no relief, therefore, no evidentiary hearing is warranted.

In addition, the party challenging the sentence has the burden of showing that it is unreasonable in light of the record and the §3553(a) factors. United States v. Dean, 635 F.3d 1200, 1209-1210 (11th Cir. 2011)(citing United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)); see also, United States v. Bostic, 645 Fed.Appx. 947, 948 (11th Cir. 2016)(unpublished).[3] The Eleventh Circuit recognizes "that there is a range of reasonable sentences from which the district court may choose," and ordinarily expect a sentence within the defendant's advisory guideline range to be reasonable. United States v. Talley, supra.

---

[3] "Unpublished opinion are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. The Court notes this same rule applies to other Fed. Appx. cases cited herein.

## V. Discussion

### A. Improperly Filed as a §2255

Here, movant's claim that his convictions are being unlawfully classified as "crimes of violence," is not cognizable by way of a motion to vacate, pursuant to 28 U.S.C. §2255. See Spencer v. United States, 773 F.3d 1132 (11 Cir. 2014)(*en banc*). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack under §2255. See United States v. Addonizio, 442 U.S. 178, 184-86 (1979).

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." Spencer, 773 F.3d at 1138. As previously stated, in Spencer, the Eleventh Circuit held in an *en banc* opinion that incorrectly designating a defendant as a Guidelines career offender is not of a magnitude that warrants relief under §2255. Spencer, 773 F.3d at 1138-40. In so ruling, the Eleventh Circuit explained that Guidelines are purely advisory, and therefore, a court can impose a sentence with our without the career offender designation, and the sentence would remain lawful as long as it is below the statutory maximum. Id. at 1140.

Further, movant's reliance on Evans,[4] a decision from the Sixth Circuit, is not binding on this court, as this Court is only

---

[4] In Evans, the federal prisoner filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241 alleging that the Bureau of Prisons had incorrectly classified his offenses of unlawful receipt and possession of firearms and unlawful transfer of firearms as crimes of violence for purposes of BOP programming and notification requirements. The Court of Appeals in Evans held that the foregoing convictions were not "crimes of violence" for purposes of the notification requirements under 18 U.S.C. §4042(b).

9

bound by case law of the Eleventh Circuit, as well as, that of the former Fifth Circuit. See Generali v. D'Amico, 766 F.2d 485, 489 (11th Cir. 1985) (citing Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981)); United States v. Diamond, 430 F.2d 688 (1970)(finding authority from one circuit of the United States Court of Appeals is not binding upon another circuit).

### B. Construed as a §2241 Petition

Here, construing movant's argument liberally, movant appears to suggest, as did the defendant in Evans, that the Bureau of Prisons is unlawfully classifying his offenses of conviction as crimes of violence for purposes of notification prior to his release from custody later this year. However, before bringing a petition under §2241, the movant must first exhaust all administrative remedies with the bureau of prisons.

A federal prisoner challenging the manner, location, or conditions of the execution of a sentence must do so through a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. See Preiser, Correction Commissioner v. Rodriquez, 411 U.S. 475 (1973); United States v. Addonizio, 442 U.S. 178, 185-88 (1979) ("Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."). See also Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008)("[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under §2241"); Bishop v. Reno, 210 F.3d 1295, 1304 (11th Cir. 2000); Levine v. Apker, 455 F.3d 71, 78 (2nd Cir. 2006) (petitioner's challenge to place of imprisonment constitutes an attack on the execution of his sentence and is therefore properly presented in a

§2241 petition); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242-243 (3rd Cir. 2005) (prisoner's challenges to BOP regulations and actions regarding placement in Community Corrections Center properly brought in § 2241 petition); Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (prisoner's challenges to manner or location of sentence's execution must be brought under §2241).

Further, federal prisoners seeking relief pursuant to §2241 are required to exhaust their available administrative remedies through the Bureau of Prisons before seeking relief in federal courts. See Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004), citing, Irwin v. Hawk, 40 F.3d 347, 349 n.2 (11th Cir. 1994) (detailing the Bureau of Prisons' administrative remedy procedures and requiring a prisoner to exhaust his claim administratively when seeking injunctive relief); Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995). When a petition for writ of habeas corpus is brought pursuant to §2241 for release from a federal prison, the exhaustion requirement is jurisdictional. See Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003), citing, Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)(*per curiam*); Nichols v. Warden, FCC Coleman-Low, 458 Fed.Appx. 844 (11th Cir. 2012)(unpublished)(same).

Judicial review is available under a habeas corpus petition under 28 U.S.C. §2241,[5] only after administrative remedies are exhausted. See Rosemond v. Menifee, 137 F.Supp.2d 270, 272 (S.D.N.Y.2000), citing, Rogers v. United States, 180 F.3d 349, 358 (1 Cir.1999). In order to exhaust his administrative remedies,

---

[5]The petitioner is attacking the execution or administration of his sentences which is properly a petition for writ of habeas corpus brought pursuant to 28 U.S.C. §2241. Preiser, Correction Commissioner v. Rodriguez, 411 U.S. 475 (1973).

11

pursuant to the BOP's Administrative Remedy Program, an inmate can seek formal review of any issue relating to an aspect of his confinement. 28 C.F.R. §542.10.

An administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §542.10-542.19; Program Statement 1330.16. It is a three-level process. First the inmate must seek resolution of the issues through informal grievance to institution staff. 28 C.F.R. §542.13(a). If unsuccessful, a prisoner may then submit a formal written Administrative Remedy Request using a BP-9 form to the warden of the institution within 20 days of the date on which the basis for his request occurred. Id. §542.14. If dissatisfied with the warden's response to the BP-9, the inmate can file an appeal within 20 days of the response, using form BP-10, to the BOP Regional Director. Id. at §5422.15(a). If not satisfied with the Regional Director's BP-10 response, the inmate can further appeal by filing a grievance using BP-11 form, and filing it with the BOP General Counsel at the BOP Central Office within 30 days of the Regional Director's signed response. Id. The appeal to the General Counsel is the final step in the Administrative Remedy Program. Id. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. See 28 C.F.R. §542.10.

Petitioner has not alleged, let alone demonstrated here that he has exhausted his administrative remedies before instituting this action. Consequently, even if viewed as a habeas petition brought pursuant to §2241, it is subject to dismissal for failure to exhaust administrative remedies.

## VI. Evidentiary Hearing

Movant is also not entitled to an evidentiary hearing on the claims raised in this proceeding. Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. See Schriro v. Landrigan, 550 U.S. 465, 473-75, 127 S.Ct. 1933, 1939-40, 127 S.Ct. 1933 (2007)(holding that if record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). See also Townsend v. Sain, 372 U.S. 293, 307 (1963); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), *citing*, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979)(holding that §2255 does not require that the district court hold an evidentiary hearing every time a section 2255 petitioner simply asserts a claim of ineffective assistance of counsel, and stating: "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.").

## VII. Certificate of Appealability

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rules Governing §2255 Proceedings, Rule 11(b), 28

U.S.C. foll. §2255.

After review of the record, Movant is not entitled to a certificate of appealability. "A certificate of appealablilty may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Movant must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Because the §2255 motion is clearly time-barred, Movant cannot satisfy the Slack test. Slack, 529 U.S. at 484.

As now provided by Rules Governing §2255 Proceedings, Rule 11(a), 28 U.S.C. foll. §2255: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

**VIII. Recommendations**

Based on the foregoing, it is recommended that this federal petition, when viewed as one brought pursuant to §2255, that it be DENIED; and, when viewed in the alternative, as one brought pursuant to §2241, that it be DISMISSED for lack of exhaustion, that no certificate of appealability issue; and, that this case be closed.

Objections to this report may be filed with the District Judge

within fourteen days of receipt of a copy of the report.

    SIGNED this 8th day of May, ~~2017~~.

                                               UNITED STATES MAGISTRATE JUDGE

cc:    Erick Javier Diago, <u>Pro Se</u>
       Reg. No. 09223-104
       F.D.C.-Miami
       Inmate Mail/Parcels
       Post Office Box 019120
       Miami, FL 33101

       Daniel Cervantes, AUSA
       United States Attorney's Office
       99 N.E. 4th Street
       Miami, FL 33132
       Email: <u>daniel.cervantes@usdoj.gov</u>